CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 24, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RICHARD DAKOTA LAWRENCE,      )
                              )
        Plaintiff,            )        Case No. 7:25-cv-00941
                              )
v.                            )        **MEMORANDUM OPINION**
                              )
SOUTHWEST VIRGINIA            )
REGIONAL JAIL, *et al.*,      )        By:    Hon. Thomas T. Cullen
                              )               United States District Judge
        Defendants.           )

Plaintiff Richard Dakota Lawrence, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants the Southwest Virginia Regional Jail ("SWVRJ"), Crystal Large, Medical Staff, and Ronda Vandyke. (*See* Am. Compl. [ECF No. 6].)[1] This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims against the SWVRJ and Medical Staff will be dismissed under § 1915A.

In his complaint, Plaintiff alleges that in December 2025, staff at the SWVRJ searched his cell and discovered certain medication there, including Plaintiff's Suboxone.[2] (ECF No. 8 at 5.) Plaintiff further alleges that jail staff "took" the Suboxone from him "without tappering [sic] him down." (*Id.*) According to Plaintiff, Vandyke identified the medication as Suboxone. (*Id.*) Plaintiff claims that Vandyke and Large both "refused" to have the medication tested, give the medication back to Plaintiff, provide Plaintiff with "detox meds," or wean him off

---

[1] The court previously determined that Lawrence had failed to state a claim against any Defendants and ordered him to file an amended complaint correcting such deficiencies. (*See* ECF No. 7.) Lawrence's amended complaint—which consists of two separate filings—was docketed on March 24, 2026 and March 31, 2026. (*See* ECF Nos. 8, 9.)

[2] Suboxone is used to treat opioid dependence. Drugs.com, Suboxone, available at https://www.drugs.com/suboxone.html (last visited July 22, 2026).

Suboxone. (*Id.*) According to Plaintiff, he suffered "sever[e] withdrawals" because of Defendants' actions. (*Id.*)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner's complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor before asking whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court is obligated to construe the allegations liberally in his favor and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As noted, Plaintiff has sued the SWVRJ and Medical Staff at the jail. (*See* ECF No. 8 at 1.) But Plaintiff's claims against these Defendants must fail. The SWVRJA, as a local jail facility, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks he capacity to be sued as a jail."). Likewise, Medical Staff is not a legal entity subject to suit under § 1983. *See Barnes v. Baskerville Corr. Ctr. Med. Staff*, No. 3:07-cv-00195, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008) (citing *Ferguson v. Morgan*, No. 1:90-cv-06318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991)). Thus, Plaintiff's claims against these Defendants must be dismissed. Only Plaintiff's claims against Large and Vandyke will proceed.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 24th day of July, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

- 3 -